## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**LEAH REINERT**, on behalf of herself
and all others similarly situated,

Plaintiff,

v.

**POWER HOME REMODELING
GROUP LLC,**

Defendant.

Case No.:

**CLASS ACTION COMPLAINT**

## INTRODUCTION

1.     This action arises out of Defendant Power Home Remodeling Group LLC's ("Defendant") violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2.     In violation of 47 U.S.C. § 227(b), Defendant has placed telemarketing calls using an Automatic Telephone Dialing System to Plaintiff Leah Reinert ("Plaintiff") and putative class members without their consent, including after they revoked any consent Defendant believed it may have had.

3.     In violation of 47 U.S.C. § 227(c), through the regulation codified at 47 C.F.R. § 64.1200(c) and pertaining to the National Do-Not-Call Registry, Defendant has placed telephone solicitations to Plaintiff and putative class members, whose

1

numbers were on the National Do-Not-Call Registry at the time of the calls.

4.      Finally, in violation of 47 U.S.C. § 227(c), through the regulation codified at 47 C.F.R. § 64.1200(d) and pertaining to maintaining Company-Specific Do-Not-Call Lists, Defendant has placed telemarketing telephone calls to Plaintiff and putative class members despite not implementing the policies and procedures required by law to be implemented prior to making such calls.

5.      Accordingly, Plaintiff brings this TCPA action on behalf of herself and three classes of similarly situated individuals under 47 U.S.C. § 227(b) and § 227(c).

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7.      This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District and has committed the tortious acts in this District.

8.      Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in and/or was directed to this District, including the conduct directed at Plaintiff.

## PARTIES

9.      Plaintiff Leah Reinert is, and at all times mentioned herein was, a

citizen and resident of Ortonville, Michigan.

10.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11.    Defendant Power Home Remodeling Group LLC is, and at all times mentioned herein was, a Delaware corporation headquartered at 2501 Seaport Drive, Chester, Pennsylvania 19013.

12.    Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## THE TCPA

13.    The TCPA was passed in 1991 to help prevent unwanted telephone calls and solicitations, provide power to consumers to prevent unwanted solicitations, and rein in unrestricted telemarketing. *See* 47 U.S.C. § 227, *et seq.*

14.    Relevantly, the TCPA provides private rights of action for three types of telemarketing-related conduct.

15.    First, Section 227(b) of the TCPA prohibits initiating a telemarketing call using an automatic telephone dialing system without the prior express written consent of the called party.

16.    "Prior express written consent" requires a signed writing that clearly authorizes the seller to deliver to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded

voice. 47 C.F.R. § 64.1200(f)(8).

17.     This written agreement must clearly and conspicuously disclose that the calls would be made using an automatic telephone dialing system or an artificial or prerecorded voice, and that the person is not required to sign the agreement as a condition of purchasing any property, goods, or services. *Id.* at (f)(i)(A-B).

18.     A violation of Section 227(b) carries statutory damages of $500 to $1,500 per call.

19.     Second, Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

20.     In this rulemaking proceeding, the FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

21.     Pursuant to this statutory mandate, the FCC issued two relevant regulations.

22.     The first regulation to be issued under § 227(c) established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the*

*Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

23.    The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id.* at 8765, ¶ 23.

24.    However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

25.    These procedures are codified at 47 CFR 64.1200(d)(1)-(7).

26.    Specifically, Section 64.1200(d) requires a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 CFR § 64.1200(d)(1, 2, 3, 6).

27.    These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 CFR 64.1200(d).

28.    Accordingly, all telemarketing calls violate the TCPA unless Defendant can demonstrate that it has implemented the required policies and procedures.

29.     Consent is irrelevant to Section 64.1200(d).

30.     A violation of Section 227(c) through 47 C.F.R. § 64.1200(d) carries statutory damages of $500 to $1,500 per call.

31.     The second regulation passed under Sectuin 227(c) established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014 ("DNC Order").

32.     This regulation is presently codified at 47 CFR 64.1200(c)(1-2).

33.     Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 CFR 64.1200(c)(2).

34.     "Telephone solicitation" is a narrower subset of calls than the "telemarketing" calls prohibited by Section 64.1200(d).

35.     "Telephone solicitations" are defined essentially as telemarketing calls made without consent or an established business relationship.

36.     "Established business relationships" can be terminated either affirmatively through a do-not-call request, or automatically after the passage of a certain amount of time. 47 C.F.R. § 64.1200(f)(5).

37.     The requirements in Section 64.1200(c) and Section 64.1200(d) are

6

separate but cumulative. In other words, a company must comply with both the procedures for maintaining a Company-Specific Do-Not-Call List *and* the procedures for complying with the National Do-Not-Call Registry. A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

38.     Though some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones as well as residential telephones. 47 CFR § 64.1200(e).

## PLAINTIFF'S FACTUAL ALLEGATIONS

39.     In late March or early April 2018, Plaintiff provided her telephone number at a booth Defendant had set up in a Sam's Club local to Plaintiff.

40.     Shortly thereafter, Defendant began placing calls to Plaintiff's cellular telephone number ending in 7220.

41.     Plaintiff never provided Defendant with "prior express written consent" as defined by law.

42.     Even if she had, on or about April 10, 2018 and April 18, 2018, Plaintiff made do-not-call requests on inbound telephone calls from Defendant.

43.     On the latter of these telephone calls, Defendant told Plaintiff that it would not honor her request unless she put the request in writing.

44.     The calls continued after the second do-not-call request on April 18, 2018.

45.     From April 18, 2018 through and including May 18, 2018, Plaintiff received 3 to 4 additional telemarketing calls from Defendant.

46.     Upon information and belief, the calls also continued after May 18, 2018.

47.     Plaintiff is not alone in her experiences with Defendant ignoring do-not-call requests.

48.     Numerous online reviews indicate that this problem is widespread. Specifically:

- A June 12, 2019, Better Business Bureau ("BBB") complaint states: "I have asked this company to stop soliciting at my house because they do not know when to stop. I asked them to stop calling me and they continue to call. I also ask them to take me off of their list and yet they continue to knock at my door. Every salesman says the same thing to me that "they didn't know and only wanted to see if I want a free quote". Even after I ask them to leave they will continue to push."[1]

- A February 2, 2019, BBB complaint states: "Calls house phone (###-###-####) several times a day. I have answered twice and told a man I'm not interested. The company continues to call - 12 times in the last 5 days. This has been going on for several weeks."

---

[1] Any typos, alterations, or errors in this section were part of the included complaint or review.

- A July 22, 2018, BBB complaint states: "We receive sales calls from ************ Caller ID: *********** almost daily despite the fact that we are on the Do Not Call registry and have told them this numerous times and requested they stop calling. On 7/14/18 we received 5 calls from them within the space of an hour. Three of them were on our landline: 7/14/18 10:18am 7/14/18 10:42am 7/14/18 11:04am When we answered the last call a recording said to please hold on while they transfer us to confirm our appointment. Two of the other calls were on our cell phone. Please help us stop these nuisance calls."

- A Yelp review on August 11, 2017, states: "Terrible experience and now they will not stop calling. On the verge of filing harrassment charges after telling them to stop calling many times. I had to call block them. Ugh!"

- A Yelp review on December 20, 2016, states, in part: "I made the mistake of giving them my number when I told one of their sales reps Id let them know about a possible roof replacement. Now they are non stop calling for 3 months and counting!!"

49.    All of Defendant's calls to Plaintiff used an automatic telephone dialing system.

50.    On information and belief, Defendant uses the same or substantially

similar automatic dialing system for all of its outbound telemarketing calls.

51.   Plaintiff knew these calls used an automatic telephone dialing system as the calls had telltale signs of such a system such as a brief and unnatural pause when she answered.

52.   At minimum, those calls placed after April 10, 2018 were placed without Plaintiff's consent.

53.   Accordingly, pursuant to § 227(b), Plaintiff is entitled to $500 per call made to her cellular telephone number without her express written consent, which includes calls made after her revocation of consent.

54.   Plaintiff is entitled to $1,500 per call if the Court finds that the violations were knowing and/or willful.

55.   In addition, Defendant did not maintain the policies and procedures required for maintaining a do-not-call list, as required by the regulation 47 C.F.R. § 64.1200(d), prescribed under 47 U.S.C. § 227(c).

56.   Specifically, Defendant did not maintain a written do-not-call policy.

57.   Defendant further did not train its telemarketers on the existence and use of any do-not-call policy.

58.   Defendant further did not document do-not-call requests when made, nor did it honor such requests.

59.   Plaintiff received more than one telemarketing call from Defendant in

violation of this regulation.

60.    Accordingly, Plaintiff is entitled to an additional $500 for each call placed to her telephone number in violation of regulation 47 C.F.R. § 64.1200(d), prescribed pursuant to 47 U.S.C. § 227(c).

61.    Plaintiff is entitled to $1,500 per call for violations of Section 227(c) if the Court finds that the violations were knowing and/or willful.

62.    In addition, Plaintiff's telephone number has been on the National Do-Not-Call Registry since May 11, 2011.

63.    Defendant's calls to Plaintiff after April 10, 2018 were telephone solicitations, as they were made without consent or an established business relationship.

64.    Accordingly, Plaintiff is entitled to an additional $500 for each call placed to her telephone number in violation of regulation 47 C.F.R. § 64.1200(c), prescribed pursuant to 47 U.S.C. § 227(c).

65.    Plaintiff is entitled to $1,500 per call for violations of § 227(c) if the Court finds that the violations were knowing and/or willful.

66.    Plaintiff has suffered actual injury because of Defendant's telemarketing telephone calls, including, but not limited to:

- Receiving a telemarketing call despite affirmatively placing her number on the National "Do Not Call" registry and asking that she

11

no longer receive calls from the Defendant;

- Reduced device storage;

- Lost time tending to and responding to the calls;

- Mental energy;

- Invasion of privacy;

- Nuisance;

- Deprivation of the right to request, receive, and act in accordance with the mandated "do not call" policy to stop further calls.

- Increased risk of all the above.

## CLASS ACTION ALLEGATIONS

67.    Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of three Classes, defined as follows:

> Since April 28, 2016, Plaintiff and all persons within the United States to whose cellular telephone number Defendant placed a telemarketing call using dialing equipment and/or software identical or substantially similar to the dialing equipment and/or software used to place telephone calls to Plaintiff without the prior express written consent of the called party.

> ("Dialer Class")

> Since April 28, 2016, Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing telephone calls in a 12-month period.

("Policy Class")

Since April 28, 2016, Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing telephone calls in a 12-month period, while that telephone number was on the National Do-Not-Call Registry.

("Registry Class")

68. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

69. **Numerosity**: The members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

70. **Ascertainability**: The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant maintains written and electronically stored data showing:

a. The time period(s) during which Defendant placed its telephone calls;

b. The telephone numbers to which Defendant placed its telephone calls;

13

     c.     The dates Defendant placed telephone calls to each class member;

     d.     The names and addresses of Class members; and

     e.     The equipment Defendant used to call Class members.

71.     For the Registry Class, third parties maintain information sufficient to identify which telephone numbers were on the National Do-Not-Call Registry at the time of the calls.

72.     **Commonality**: There are common questions of law and fact affecting the rights of the members of the Classes, including, *inter alia*, the following:

     a.     Whether Defendant made telemarketing calls;

     b.     Whether Defendant uses an automatic telephone dialing system;

     c.     Whether Defendant obtains prior express written consent and/or tracks revocation of such consent;

     d.     Whether Defendant maintained a written "do not call" policy;

     e.     Whether Defendant trained its employees or agents engaged in telemarketing on the existence and usage of any "do not call" policy;

     f.     Whether Defendant recorded or honored "do not call" requests;

     g.     Whether Defendant calls telephone numbers on the National Do-Not-Call Registry;

14

h.     Whether Defendant had written procedures to comply with the National "Do Not Call" rules;

i.     Whether defendant trained its personnel on complying with the National "Do Not Call" rules;

j.     Whether Defendant has a process to access the National Do-Not-Call Registry and ensure persons on this list are not called;

k.     Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

l.     Whether Defendant should be enjoined from engaging in such conduct in the future.

73.    **Typicality**: Plaintiff's claims are typical of the claims of the members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

74.    Plaintiff is a member and her claims are typical of the Dialer Class because Defendant placed telephone calls to her cellular telephone using an automatic telephone dialing system without her consent.

75.    Plaintiff is a member and her claims are typical of the Policy Class because Defendant placed two or more calls for telemarketing purposes in a one-year period to her telephone number without having the required policies, procedures, and training in place.

15

76.    Plaintiff is a member and her claims are typical of the Registry Class because Plaintiff's telephone number was on the National Do-Not-Call Registry at the time of the calls and the calls occurred after any established business relationship with Defendant had expired.

77.    Plaintiff and all putative Class Members have also necessarily suffered concrete injury, as all Members spent time tending to Defendant's calls, lost space on their devices, had their phone lines tied up, and suffered a nuisance and an invasion of their privacy as they were unable to effectively stop the calls if they wanted to do so, or obtain a "do not call policy" upon which they could rely to stop the calls.

78.    With respect to the Registry and Policy Classes specifically, Defendant's failures to abide by those regulations also increased the risk of harm (such as nuisance and invasion of privacy) to Plaintiff and those Class Members.

79.    **Adequacy**: Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

80.    Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent herself and the Classes.

81.     Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

82.     The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications.

83.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

84.     Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Dialer Class)**

85.     Plaintiff and the proposed Dialer Class incorporate the foregoing allegations as if fully set forth herein.

86.     Defendant placed numerous calls for telemarketing purposes to Plaintiff's and Policy Class Members' cellular telephone numbers.

87.     Defendant did so using an automatic telephone dialing system.

88.     Defendant did so without the prior express written consent of Plaintiff and Dialer Class Members.

89.     Plaintiff and Dialer Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(b)(3), in addition to and separate from any award related to Defendant's failure to maintain policies and procedures for an internal do-not-call list and in addition to and separate from any award for Defendant's calls to persons on the National Do-Not-Call Registry.

90.     Plaintiff and Dialer Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, in addition to and separate from any award related to Defendant's failure to maintain policies and procedures for an internal do-not-call list and in addition to and separate from any award for Defendant's calls to persons on the National Do-Not-Call Registry, because Defendant's violations were knowing and/or willful

### SECOND CAUSE OF ACTION
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Policy Class)**

91.     Plaintiff and the proposed Policy Class incorporate the foregoing allegations as if fully set forth herein.

92.     Defendant placed numerous calls for telemarketing purposes to Plaintiff's and Policy Class Members' telephone numbers.

93.     Defendant did so despite not having a written policy pertaining to "do not call" requests.

18

94.     Defendant did so despite not having such a policy available "upon demand."

95.     Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list or policy.

96.     Defendant did so despite not recording or honoring "do not call" requests.

97.     Defendant placed two or more telephone calls to Plaintiff and Policy Class Members in a 12-month period.

98.     Plaintiff and Policy Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5), in addition to and separate from any award for damages related to Defendant's calls using an automatic telephone dialing system and in addition to and separate from any award for Defendant's calls to persons on the National Do-Not-Call Registry.

99.     Plaintiff and Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 per telephone call because Defendant's violations were knowing and/or willful.

### THIRD CAUSE OF ACTION
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Registry Class)**

100.    Plaintiff and the proposed Registry Class incorporate the foregoing allegations as if fully set forth herein.

101.   Defendant placed telephone solicitations to Plaintiff's and Registry Class Members' telephone numbers.

102.   Plaintiff's and Registry Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

103.   Defendant placed two or more telephone solicitations to Plaintiff and Registry Class Members in a 12-month period.

104.   Plaintiff and Registry Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5), in addition to and separate from any award for damages related to Defendant's calls using an automatic telephone dialing system and in addition to and separate from any award related Defendant's failure to maintain policies and procedures for an internal do-not-call list.

105.   Plaintiff and Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5), in addition to and separate from any award for damages related to Defendant's calls using an automatic telephone dialing system and in addition to and separate from any award related to Defendant's failure to maintain policies and procedures for an internal do-not-call list.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      An order certifying the Classes as defined above, appointing Plaintiff Reinert as the representative of the Classes, and appointing her counsel as Class Counsel;

B.      An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(b) and § 227(c);

C.      An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.      An award of statutory damages for each violation of 227(b) and (c) and the regulations promulgated thereunder;

E.      An award of treble damages;

F.      An award of reasonable attorneys' fees and costs; and

G.      Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** October 28, 2019

/s/ Anthony I. Paronich
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Fascimile: (508) 318-8100
Email: anthony@paronichlaw.com
*(Admitted to this Court on June 3, 2014)*

/s/ Samuel J. Strauss
Samuel J. Strauss
**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
Email: sam@turkestrauss.com
(*Application for Admission Forthcoming*)

/s/ Jeremy M. Glapion
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Telephone: (732) 455-9737
Facsimile: (732) 965-8006
Email: jmg@glapionlaw.com
(*Application for Admission Forthcoming*)

22