## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LEAH REINERT,

      Plaintiff,

     v.                         Case No. 2:19-cv-13186-AJT-RSW

POWER HOME REMODELING       Hon. Arthur J. Tarnow
GROUP, LLC,                   Mag. Judge R. Steven Whalen

       Defendant.

---

Jeremy M. Glapion
Glapion Law Firm
1704 Maxwell Drive
Wall, NJ 07719
Tel: 732.455.9737
jmg@glapionlaw.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: 617.485.0018
anthony@paronichlaw.com

*Attorneys for Plaintiff*

Stephanie L. Sweitzer (P66376)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Dr., Fifth Floor
Chicago, IL 60601
Tel: 312.324.1000
stephanie.sweitzer@morganlewis.com

*Attorney for Defendant*

---

## DEFENDANT POWER HOME REMODELING GROUP, LLC'S MOTION TO DISMISS

Defendant Power Home Remodeling Group, LLC ("Power Home Remodeling") moves to dismiss Plaintiff Leah Reinert's ("Plaintiff") Class Action

Complaint ("Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and in support thereof states as follows:

1.     Power Home Remodeling bases this Motion upon the accompanying Memorandum in support, oral argument of counsel, and such other and further material as the Court may consider.

2.     In accordance with Eastern District of Michigan Local Rule 7.1(a), counsel for Power Home Remodeling sought concurrence from counsel for Plaintiff. On November 25, 2019, counsel for Power Home Remodeling provided the recordings of the telephone calls at issue in this case, transcripts of which are attached to this Motion, and expressed that, based on the recordings of the telephone calls underlying Plaintiff's claims, Power Home Remodeling believed the lawsuit is totally meritless and should be voluntarily dismissed.  During telephone conferences with counsel for Plaintiff on December 13 and 17, 2019 and follow up email correspondence, counsel for Power Home Remodeling summarized the nature of the Motion and counsel for Plaintiff declined to withdraw the Complaint.

WHEREFORE, based upon the facts and law presented in the accompanying separate brief and supporting exhibits, Power Home Remodeling respectfully requests that the Court issue an order granting this Motion to Dismiss for failure to state a claim and dismissing the Complaint with prejudice.

Dated: December 18, 2019

Respectfully submitted,


*/s/ Stephanie L. Sweitzer*

Stephanie L. Sweitzer (P66376)
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL  60601
Phone:  312.324.1000
stephanie.sweitzer@morganlewis.com

*Attorney for Defendant Power Home
Remodeling Group, LLC*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LEAH REINERT,

        Plaintiff,

    v.                          Case No. 2:19-cv-13186-AJT-RSW

POWER HOME REMODELING           Hon. Arthur J. Tarnow
GROUP, LLC,                       Mag. Judge R. Steven Whalen

        Defendant.

---

Jeremy M. Glapion
Glapion Law Firm
1704 Maxwell Drive
Wall, NJ 07719
Tel: 732.455.9737
jmg@glapionlaw.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: 617.485.0018
anthony@paronichlaw.com

*Attorneys for Plaintiff*

Stephanie L. Sweitzer (P66376)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Dr., Fifth Floor
Chicago, IL 60601
Tel: 312.324.1000
stephanie.sweitzer@morganlewis.com

*Attorney for Defendant*

---

## DEFENDANT POWER HOME REMODELING GROUP, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................1

II.   FACTUAL BACKGROUND..................................................................2

    A.   Plaintiff's Complaint ...................................................................2

    B.   Telephone Calls at Issue.............................................................3

III.  LEGAL STANDARDS ...........................................................................5

    A.   Federal Rule of Civil Procedure 12(b)(6) ..................................5

    B.   Documents Attached to Power Home Remodeling's Motion to Dismiss ......................................................................................6

IV.  ARGUMENT...........................................................................................8

    A.   Plaintiff Fails to State a Claim Because She Solicited and Consented to Telephone Calls from Power Home Remodeling. .........8

    B.   Plaintiff Fails to State a Claim Because She Did Not Request to Be Placed on a Do-Not-Call List........................................................10

V.   CONCLUSION.......................................................................................12

i

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*In re Ashanti Goldfields Sec. Litig.*,
   184 F. Supp. 2d 247 (E.D.N.Y. 2002) ...............................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)........................................................................................6

*Baisden v. Credit Adjustments, Inc.*,
   813 F.3d 338 (6th Cir. 2016) ..........................................................................9

*Bassett v. Nat'l Collegiate Athletics Ass'n*,
   528 F.3d 426 (6th Cir. 2008) ..........................................................................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)....................................................................................5, 6

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*,
   137 S. Ct. 1773 (2017)....................................................................................2

*Davis v. Quicken Loans, Inc.*,
   No. 14-CV-12665, 2014 WL 12662068, at *1 (E.D. Mich. Nov.
   14, 2014) .........................................................................................................8

*Huot v. Montana State Dep't of Child & Family Servs.*,
   No. 1:17-CV-631, 2017 WL 3822756 (W.D. Mich. Aug. 10,
   2017), *report and recommendation adopted*, 1:17-CV-631, 2017
   WL 3720417 (W.D. Mich. Aug. 29, 2017) ......................................................6

*Mey v. N. Am. Bancard, LLC*,
   655 F. App'x 332 (6th Cir. 2016) ...............................................................8, 13

*Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A.*,
   492 F. App'x 518 (6th Cir. 2012) ...................................................................7

*In the Matter of Rules & Regulations Implementing the Tel. Consumer
Prot. Act of 1991*,
   27 FCC Rcd. 1830 (2012)...............................................................................9

*In the Matter of Rules and Regulations Implementing the TCPA of 1991*,
  30 FCC Rcd. 7961 (2015)........................................................................9

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016, revised May 24, 2016)....................................10

**Statutes**

Telephone Consumer Protection Act, 47 U.S.C. § 227 ..............................2, 8, 9, 10

**Other Authorities**

47 C.F.R. § 64.1200(d)(3)........................................................................10

Fed. R. Civ. P. 12(b)(6)..............................................................1, 2, 5, 6

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)

*Bassett v. Nat'l Collegiate Athletics Ass'n*,
    528 F.3d 426 (6th Cir. 2008)

*Davis v. Quicken Loans, Inc.*,
    No. 14-CV-12665, 2014 WL 12662068, at *1 (E.D. Mich. Nov.
    14, 2014)

*In the Matter of Rules & Regulations Implementing the Tel. Consumer
    Prot. Act of 1991*, 27 FCC Rcd. 1830 (2012)

## STATEMENT OF ISSUES PRESENTED

Whether the Complaint must be dismissed for failure to state a claim since, as is apparent from the transcripts of calls alleged, Plaintiff consented to the calls and never made a Do-Not-Call request to Power Home Remodeling.

Defendant Power Home Remodeling Group, LLC ("Power Home Remodeling") moves to dismiss Plaintiff Leah Reinert's ("Plaintiff") Class Action Complaint ("Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.    INTRODUCTION

Plaintiff Leah Reinert visited a Power Home Remodeling booth at her local Sam's Club to inquire about new siding on her home.  While there, she spoke with a Power Home Remodeling representative in person, who assisted Plaintiff in placing a call to another Power Home Remodeling representative to schedule a time for Power Home Remodeling to come to her home for a free estimate.

During the call, the Power Home Remodeling Representative asked Plaintiff for her consent to calls or text messages regarding Power Home Remodeling's products and services using automated dialing technology and prerecorded messages.  Plaintiff responded "yes," confirming her consent.  After subsequent calls from Power Home Remodeling seeking to confirm and reschedule Plaintiff's free estimate, Plaintiff filed this putative class action against Power Home Remodeling alleging violations of the Telephone Consumer Protection Act ("TCPA").[1]

---

[1] In the event the Court declines to dismiss Plaintiff's Complaint, Power Home Remodeling contends, among other things, that this Court lacks personal jurisdiction over Power Home Remodeling with respect to the claims of absent class members who do not reside in the State of Michigan and who did not experience any supposed injury as a result of alleged conduct of Power Home Remodeling in the State of

Plaintiff's Complaint is meritless. The facts above, apparent from the face of the Complaint and incorporated documents, demonstrate that Plaintiff requested and consented to the telephone calls about which she now complains. They further demonstrate that Plaintiff did not at any point request not to be called. Accordingly, Power Home Remodeling respectfully requests that the Court dismiss the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     FACTUAL BACKGROUND

### A.     Plaintiff's Complaint

Plaintiff alleges that Power Home Remodeling "has placed telemarketing calls using an Automatic Telephone Dialing System to [Plaintiff] and putative class members without their consent, including after they revoked any consent Defendant believed it may have had." Complaint ("Compl.") ¶ 2. Plaintiff also alleges that Power Home Remodeling "has placed telephone solicitations to Plaintiff and putative class members, whose numbers were on the National Do-Not-Call Registry at the time of the calls" and that Plaintiff "has placed telemarketing telephone calls to Plaintiff and putative class members despite not implementing the policies and

---

Michigan. *See Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773 (2017). Given that putative class members are not joined to the lawsuit through a class certification order, Power Home Remodeling has not asserted the argument in this motion, but expressly reserves and does not waive this this defense.

procedures required by law to be implemented prior to making such calls." *Id.* ¶¶ 3, 4.

According to Plaintiff, "[i]n late March or early April 2018, Plaintiff provided her telephone number at a booth Defendant had set up in a Sam's Club local to Plaintiff." *Id.* ¶ 39. Plaintiff alleges that Power Home Remodeling thereafter called Plaintiff, and claims that she "never provided Defendant with 'prior express written consent' as defined by law." *Id.* ¶¶ 40, 41. Plaintiff further alleges that on April 10 and 18, 2018, Plaintiff "made do-not-call requests on inbound telephone calls from Defendant" and that Plaintiff was told on April 18, 2018 that her request not to be called must be put in writing. *Id.* ¶¶ 42, 43. Each of these allegations is flatly contradicted by the transcripts of the telephone calls relied upon in Plaintiff's Complaint.

### B.    Telephone Calls at Issue

Power Home Remodeling preserves recordings of calls with actual and potential customers, including the calls referenced in Plaintiff's Complaint. *See* Compl. ¶¶ 39, 42, 43, 45. Transcripts of the calls referenced in Plaintiff's Complaint are attached to this Motion. *See* Exhibits 1-5 to the Declaration of Christopher Jordan, attached hereto as Exhibit A (hereinafter "Jordan Decl.").

On April 9, 2018, while visiting the Power Home Remodeling booth at her local Sam's Club referenced in Paragraph 39 of the Complaint, Plaintiff expressed

interest in new siding for her family's home.  Ex. 1 to Ex. A, at 1.  To help Plaintiff schedule the estimate, the Power Home Remodeling representative at the booth placed a call to another representative to schedule a free inspection and quote.  *Id.* He then passed the phone to Plaintiff, who spoke with the second representative by phone to schedule the siding estimate.  *Id.*  During that call, the Power Home Remodeling representative asked Plaintiff for her phone number and email address, which Plaintiff provided.  *Id.* at 2.  The representative then requested that Plaintiff "confirm that we have your consent to call or text you regarding our products and services by using automated dialing technology and occasionally pre-recorded messages."  *Id.*  He added, "your consent is not required to purchase any services from us," before asking, "[c]an you please confirm by saying yes?"  *Id.*  Plaintiff responded, "[y]es."  The representative then asked a number of questions about the house, and Plaintiff and the representative scheduled the inspection for the next day. *Id.* at 3.

The next day, on April 10, a representative from Power Home Remodeling called Plaintiff to confirm the appointment for later in the afternoon.  Ex. 2 to Ex. A, at 1.  Plaintiff confirmed the appointment.  *Id.* at 2.  Later that day, Plaintiff called Power Home Remodeling to cancel the appointment because her husband would not be home in time.  Ex. 3 to Ex. A.

On April 18, 2018, a representative from Power Home Remodeling called Plaintiff to reschedule the estimate. Ex. 4 to Ex. A, at 1. Plaintiff explained that she would prefer to defer the estimate due to difficulties with her husband's work schedule. *Id.* On May 18, 2018, a Power Home Remodeling representative called to inform Plaintiff that Power Home Remodeling representatives would be in her area and to see if she would like to reschedule the free siding estimate. Ex. 5 to Ex. A. Plaintiff stated that, due to scheduling and funding difficulties, she and her husband wanted to "cancel that for a while." *Id.* The Power Home Remodeling representative told Plaintiff to call if she and her husband wanted to reschedule, and Plaintiff responded, "[w]ill do." *Id.*

At no point during the calls referenced in Plaintiff's Complaint did Plaintiff request to be put on a "Do-Not-Call" list or otherwise request not to be called.

## III.   LEGAL STANDARDS

### A.   Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) mandates dismissal of a complaint that fails to state a claim upon which relief can be granted. To avoid dismissal, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[a] pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (quotation marks and citation omitted); *see also Twombly*, 550 U.S. at 547 (to be sufficient under Rule 8, a plaintiff must allege facts that nudge their claims across the line from merely "conceivable" to "plausible"); *Huot v. Montana State Dep't of Child & Family Servs.*, No. 1:17-CV-631, 2017 WL 3822756, at *1 (W.D. Mich. Aug. 10, 2017), *report and recommendation adopted*, 1:17-CV-631, 2017 WL 3720417 (W.D. Mich. Aug. 29, 2017) (dismissing plaintiff's complaint for failure to state a claim because "[p]laintiff's complaint contains no specific factual allegations, but instead merely asserts vague conclusions of improper conduct").

## B.   Documents Attached to Power Home Remodeling's Motion to Dismiss

The Court may properly consider the documents attached to and authenticated by the Jordan Declaration.  As the Court of Appeals for the Sixth Circuit has explained, when a court "is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and ***exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.***"  *Bassett v. Nat'l Collegiate Athletics Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (emphasis added); *see also Northampton Rest. Grp., Inc. v.*

*FirstMerit Bank, N.A.*, 492 F. App'x 518, 522 (6th Cir. 2012) (considering copies of contracts attached to defendant's motion to dismiss that were referenced in and central to plaintiff's complaint); *In re Ashanti Goldfields Sec. Litig.*, 184 F. Supp. 2d 247, 263 (E.D.N.Y. 2002) (considering transcript of conference call on motion to dismiss where complaint referenced call and arguments of both parties relied on the content of the call).

In the Complaint, Plaintiff repeatedly refers to documents that are critical to her claims but not attached to her Complaint, such as the April 2018 telephone call at a Sam's Club booth during which Plaintiff provided her telephone number to Power Home Remodeling, telephone calls Plaintiff made to Power Home Remodeling on April 10 and 18, 2018, and additional telephone calls between Plaintiff and Power Home Remodeling between April 18 and May 18, 2018. *See* Compl. ¶¶ 39-45. Power Home Remodeling has attached true and correct transcripts of the calls at issue in this case, upon which Plaintiff's claims rely, to this Motion. These documents are critical to Plaintiff's claims and are incorporated into the Complaint because they reflect Plaintiff's communications with Power Home Remodeling with respect to her alleged desire not to be contacted. Because these documents are central to Plaintiff's claims, they are appropriately considered by the Court in ruling on Power Home Remodeling's Motion to Dismiss.

## IV.   ARGUMENT

### A.   Plaintiff Fails to State a Claim Because She Solicited and Consented to Telephone Calls from Power Home Remodeling.

Plaintiff's TCPA claim under Section 227(b) of the TCPA fails as a matter of law because she requested and provided express written consent to receive telephone calls from Power Home Remodeling.

The TCPA "outlaws ***unsolicited telephone*** calls made through an 'automatic telephone dialing system' to any phone number that is assigned to a cellular telephone service." *Mey v. N. Am. Bancard, LLC*, 655 F. App'x 332, 333–34 (6th Cir. 2016) (citing 47 U.S.C. § 227(b)(1)(A)(iii)). "In order to plead a claim under the TCPA, plaintiff must establish four elements: (1) a call was made; (2) the caller used an ATDS or artificial or prerecorded voice; (3) the telephone number called was assigned to a cellular telephone service; and ***(4) the caller did not have prior express consent of the recipient.***" *Davis v. Quicken Loans, Inc*., No. 14-CV-12665, 2014 WL 12662068, at *1 (E.D. Mich. Nov. 14, 2014) (emphasis added). Thus, in order to meet her pleading burden, Plaintiff must plausibly allege that the telephone calls at issue were "unsolicited," meaning that Plaintiff did not provide consent to receive them.

Here, that is plainly not the case. The calls Plaintiff received for the purpose of scheduling an estimate on new home siding, transcripts of which are attached hereto as Exhibits 1 to 5 of the Jordan Declaration, were requested by Plaintiff and

Plaintiff provided her prior express written consent to calls from Power Home Remodeling.

It is impermissible under the TCPA for any person to place an unsolicited call "using any automatic telephone dialing system or an artificial or prerecorded voice" to a cell phone number without obtaining the "prior express consent of the called party." *Baisden v. Credit Adjustments, Inc.*, 813 F.3d 338, 342 (6th Cir. 2016); *see also* 47 U.S.C. § 227(b)(1)(A)(iii). The Federal Communications Commission ("FCC") has made clear that prior express consent may be obtained "via an email, website form, text message, telephone keypress, *or voice recording*." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 (2012) (emphasis added). The FCC has also stated that consumers must be told that "the telemarketing will be done with autodialer equipment and that consent is not a condition of purchase." *In the Matter of Rules and Regulations Implementing the TCPA of 1991*, 30 FCC Rcd. 7961, 8012-13 ¶ 98 (2015).

Here, the transcript of the April 9, 2018 telephone call reflecting Plaintiff's conversation with a Power Home Remodeling representative confirms that Plaintiff was provided the required disclosure by the Power Home Remodeling representative during the telephone call and signaled her consent by responding "yes," a response that was recorded by Power Home Remodeling as required by the FCC. *See* Ex. 1 to Ex. A, at 2 ("Just for the numbers you provided, we do need to confirm that we

have your consent to call or text you regarding our products and services by using automated dialing technology and occasionally pre-recorded messages.  And your consent is not required to purchase any services from us, Ms. Leah.  Can you please confirm by saying yes?"  "Yes.").  Plaintiff's solicitation and consent to receive calls is only confirmed by the fact that she never once requested *not* to receive the calls when Power Home Remodeling called her to reschedule her requested estimate.  *See* Exs. 2-5 to Ex. A.[2]

Thus, Plaintiff has failed to plausibly allege that the call at issue was "unsolicited," as is required to state a claim under the TCPA.

### B.  Plaintiff Fails to State a Claim Because She Did Not Request to Be Placed on a Do-Not-Call List.

Plaintiff also claims that Power Home Remodeling violated the Section 227(c) of the TCPA by failing to stop calling her after she requested to be placed on the company's Do-Not-Call list and by calling her despite the listing of her number on the National Do-Not-Call List.  Compl. ¶ 39-46; Counts II and III.

---

[2] For these reasons, Plaintiff also lacks standing to pursue her claims.  To establish injury sufficient to confer standing at the pleading stage, the plaintiff must allege facts demonstrating that "he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016, revised May 24, 2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  Plaintiff cannot show that she suffered injury under the TCPA based on telephone calls that she herself solicited.

First, Power Home Remodeling was permitted to call Plaintiff despite her alleged listing on the National Do-Not-Call List because, as demonstrated above, Plaintiff consented to be contacted by Power Home Remodeling during the recorded telephone call on April 9, 2018. *See* 47 C.F.R. § 64.1200(c)(2)(ii).

Second, Plaintiff's Do-Not-Call claims fail because, contrary to her allegations, she never once requested to be placed on a Do-Not-Call list or otherwise revoked her consent to receive calls.

As described above and readily apparent from the transcripts, Power Home Remodeling called Plaintiff in response to Plaintiff's request to schedule an estimate for new siding on her home. At most, Plaintiff told Power Home Remodeling that she would like to put off the project—not that she no longer wanted to be contacted. *Compare* Compl. ¶ 42 ("on or about April 10, 2018 and April 18, 2018, Plaintiff made do-not-call requests on inbound telephone calls from Defendant.") *with* Ex. 2 to Ex. A (transcript of April 10 telephone call wherein Plaintiff confirmed appointment for siding estimate); Ex. 3 to Ex. A (transcript of April 10, 2018 telephone call wherein Plaintiff canceled estimate, stating only, "we really thought we could do it today. Like I don't know if it's going to be even possible right now."); Ex. 4 to Ex. A (transcript of April 18, 2018 call wherein Plaintiff stated, "Can we reschedule for later? I mean my husband, he's got a lot going on and with his job and like I've told you a couple of times and you still continue to ask me questions

about coming out when I want to wait awhile."). Plaintiff's allegations that she requested to be put on a Do-Not-Call list are therefore totally contradicted by the actual call transcripts of the calls alleged in Plaintiff's Complaint.

In fact, and what makes Plaintiff's federal lawsuit here particularly galling, is that rather than indicate any request to not be called in the future, the telephone calls show that Plaintiff expressed ongoing interest in Power Home Remodeling's services, pending only her husband's availability to meet with a company representative.

For these reasons, Plaintiff's claims under the Do-Not-Call rules lack any basis in fact or law and should be dismissed with prejudice.

## V.      CONCLUSION

For the foregoing reasons, Power Home Remodeling Group, LLC respectfully requests that this Court grant its Motion to Dismiss with prejudice.

Dated: December 18, 2019

                                        Respectfully submitted,


                                        */s/ Stephanie L. Sweitzer*
                                        Stephanie L. Sweitzer (P66376)
                                        Morgan, Lewis & Bockius LLP
                                        77 West Wacker Drive, Fifth Floor
                                        Chicago, IL  60601
                                        Phone:  312.324.1000
                                        stephanie.sweitzer@morganlewis.com

                                        *Attorney for Defendant Power Home*
                                        *Remodeling Group, LLC*

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 18, 2019, a copy of the

foregoing document was filed electronically through the Court's CM/ECF system,

which will send a notice of electronic filing to all counsel of record.

/s/ Stephanie L. Sweitzer
Stephanie L. Sweitzer
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
Phone:  312.324.1000
stephanie.sweitzer@morganlewis.com