UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAH REINERT,

    Plaintiff,

        v.

POWER HOME REMODELING GROUP, LLC,

    Defendant.
_____/

Case No. 19-13186

SENIOR U. S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [7]**

On October 29, 2019, Plaintiff Leah Reinert, commenced this class action suit alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA") against Defendant Power Home Remodeling Group, LLC. Defendant filed a Motion to Dismiss [7] on December 18, 2019. Plaintiff filed a Response [11] on January 21, 2020. For the reasons discussed below, Defendant's motion is **DENIED**.

**FACTUAL BACKGROUND**

Plaintiff and Defendant provide two different recitations of the facts. Below is each of their accounts.

I. Plaintiff's Complaint

In late March or early April 2018, Plaintiff provided her telephone number to Defendant at a booth in Sam's Club. (Compl. ¶ 39). Plaintiff claims that although she never provided prior written consent, Defendant began calling Plaintiff using an automatic telephone dialing system. (*Id.* at ¶ 40-41, 51). Defendant called Plaintiff on April 10 and 18 of 2018. (*Id.* at ¶ 42). Plaintiff claims that she made a do-not-call request on both calls. (*Id.*). Despite this, Defendant continued to call her. Plaintiff claims that on the April 18th call, Defendant told her that it would not honor her do-not-call request unless it was in writing. (*Id.* at ¶ 43). Plaintiff claims she received between three to four telemarketing calls from Defendant from April 18, 2018 through May 18, 2018. (*Id.* at ¶ 45). Plaintiff's Complaint includes similar allegations against Defendant from other consumers. (*Id.* at ¶ 48).

Plaintiff claims she has been on the national do-not-call registry since May 11, 2011. (*Id.* at ¶ 62). She also claims that Defendant does not (1) maintain a written do-not-call policy, (2) train its telemarketers to use a do-not-call policy, (3) document do-not-call requests, or (4) honor such requests. (*Id.* at ¶ 56-58).

Plaintiff alleges Defendant Power Home Remodeling Group violated three provisions of the TCPA: (1) Section 227(b), which requires entities to receive express consent to place telemarketing calls to cellular telephone customers while using an automatic dialing system, (2) Federal Communication Commission

("FCC") regulation 47 CFR 64.1200(d), which requires entities to establish policies and procedures for maintaining and honoring an internal company specific do-not-call list, and (3) FCC regulation 47 CFR 64.1200(c)(1-2), which prohibits entities from initiating "telephone solicitation" with a residential telephone subscriber on the national do-not-call registry. (*Id.* at ¶ 85-105).

Each alleged violation corresponds to a different class: (1) Dialer Class: persons who received an automatic dialing system telemarketing call from Defendant, without giving prior express written consent, (2) Policy Class: persons who received two or more telemarketing calls from Defendant within a 12-month period, and (3) Registry Class: persons on the national do-not-call registry who received two or more telemarketing calls from Defendant within a 12 month period. (*Id.* at ¶ 67).

II. Defendant's Motion to Dismiss

Defendant claims that Plaintiff welcomed and consented to their calls. For support, Defendant attaches transcripts of five conversations between Plaintiff and Defendant's agent. The first conversation occurred on April 9, 2018 while Plaintiff was visiting Defendant's booth at Sam's Club. (ECF No. 7-2, PageID. 66). The transcript shows that after supplying her contact information, Plaintiff consented to calls and texts from Defendant using an automatic telephone dialing system and prerecorded messages. *Id.*

> Mike [Defendant's agent]: Perfect. Just for the numbers you provided, we do need to confirm that we have your consent to call or text you regarding our products and services by using automated dialing technology and occasionally pre-recorded messages. And your consent is not required to purchase any services from us, Ms. Leah. Can you please confirm by saying yes?
>
> Leah: Yes.

*Id.* Plaintiff and Defendant then scheduled a free estimate for new siding at Plaintiff's home for 4 p.m. the next day. *Id.* at 67. On April 10, 2018, Plaintiff called Defendant to cancel the 4 p.m. appointment and she agreed to call back when she could re-schedule. *Id.* at 73. On April 18, 2018, Defendant called Plaintiff to re-schedule an appointment. *Id.* at 75. Plaintiff informed the agent that she wanted to "wait awhile" before rescheduling. *Id.* at 77. The last call transcript that Defendant provides occurred on May 18, 2018. Defendant called Plaintiff once again asking to schedule a free estimate. *Id.* at 79. Plaintiff stated that she was "going to cancel that for a while" due to funding and her husband's work schedule. *Id.*

    None of these transcripts indicate that Plaintiff revoked her consent to be called by Defendant, told Plaintiff to stop calling her, or made a do-not-call request. Plaintiff does not dispute the contents of these transcripts. She merely claims that Defendant failed to include records of additional phone calls which corroborate her allegations.

## LEGAL STANDARDS

Defendants move to dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, [Plaintiffs] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a Rule 12(b)(6) motion to dismiss, the Court must "assume the veracity of [Plaintiffs'] well-pleaded factual allegations and determine whether [they are] entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In addition to the Complaint, the Court may consider "exhibits attached to defendant's motion to dismiss" such as the call transcripts between the parties, because "they are referred to in the Complaint and are central to the claims contained therein." *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 695 (6th Cir. 2018), (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

## ANALYSIS

Defendant argues that Plaintiff has failed to state a TCPA violation, because she consented to the phone calls and did not request to placed on a do-not-call list. The Court agrees with the former argument, disagrees with the latter, and concludes

that Plaintiff has sufficiently alleged her claims to survive dismissal and pursue discovery.

The TCPA prohibits calls "using any automatic telephone dialing system or an artificial or prerecorded voice" to any "cellular telephone service" except when made with the prior express consent of the called party. 47 U.S.C. § 227 (b)(1)(A)(iii). Prior express consent occurs when "a party who gives an 'invitation or permission to be called at [a certain] number' has given its express consent with respect to that number." *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 551 (6th Cir. 2015) (quoting *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 7 F.C.C. Rcd. 8752, 8769 (1992)). This consent maybe be given in different forms, including verbally and in writing. *See Fober v. Mgmt. & Tech. Consultants, LLC*, 886 F.3d 789, 793 (9th Cir. 2018) (citing *In re GroupMe, Inc./Skype Commc'ns*, 29 F.C.C. Rcd. 3442, 3444 (2014)) ("the TCPA does not require any one method for obtaining 'prior express consent.'"). However, once given, this consent may be revoked. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (2015) ("a called party may revoke consent at any time and through any reasonable means. A caller may not limit the manner in which revocation may occur"); *see also Rodriguez v. Premier Bankcard, LLC*, No. 3:16CV2541, 2018 WL 4184742 (N.D. Ohio Aug.

31, 2018); *see also Schweitzer v. Comenity Bank*, 866 F.3d 1273, 1275, 1280 (11th Cir. 2017).

Plaintiff argues that the consent she gave to Defendant's agent during her first phone call at Sam's Club was invalid, because it was not informed by a litany of disclosures under the E-Sign Act. *See* 15 U.S.C. § 7001(c). However, the E-Sign Act only requires that consent be accompanied by certain disclosures under specific statutes. Consumer disclosures must be made to obtain an electronic record of consent "if a statute, regulation, or other rule of law requires that information relating to a transaction or transactions in or affecting interstate or foreign commerce be provided or made available to a consumer in writing." 15 U.S.C. § 7001 (C)(1). However, Plaintiff has not shown that the TCPA is one of them. *See Morris v. Modernize, Inc.*, No. AU-17-CA-00963-SS, 2018 WL 7076744, at *3 (W.D. Tex. Sept. 27, 2018) (finding that the E-Sign Act disclosures do not apply to the TCPA).

Therefore, Plaintiff's consent was valid. However, further discovery will reveal whether she revoked this consent and/or asked to be placed on an internal do-not-call list.

Plaintiff alleges that she had several conversations with Defendant where she made do-not-call requests that were not honored. Despite Defendant's transcripts, the Court cannot confirm, without full discovery, whether Defendant has presented

all of the calls between the parties, whether Defendant trains its telemarketers to use a do-not-call policy, and whether it documents and honors do-not-call requests. Assuming the veracity of Plaintiff's factual allegations, the Court denies the Motion to Dismiss in order to allow the parties to engage in discovery which will, *inter alia*, confirm or deny the veracity of Defendant's transcripts, unearth transcripts of the remaining alleged phone calls, if any, and discover internal training and documentation policies. Therefore, Plaintiff has sufficiently alleged plausible TCPA violations.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss [7] is **DENIED**.

**SO ORDERED**.

Dated: November 17, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge